IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID WILKINS, | § | |
| | § | No. 229, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No: CK14-02879 |
| VEDA ADAMS,[1] | § | Petition No. 20-14310 |
| | § | |
| Respondent Below, | § | |
| Appellee | § | |

Submitted: October 15, 2025
Decided: October 31, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

This 31st day of October, 2025, after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant ("Father") filed this appeal from a Family Court decision denying reargument of an order awarding attorney fees to appellee ("Mother").

(2) In an order entered on March 20, 2025, this Court concluded that the Family Court did not abuse its discretion when it ordered Father to pay one-third of Mother's fees and costs. It was unclear to us, however, whether by ordering Father to pay "one third of Mother's fees and costs," the court meant "one-third of the total

---

[1] The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).

fees and costs incurred by Mother during this litigation" or "one-third of Mother's fees and costs remaining after crediting payments already made by Father." Because the order was unclear as to the nature of the Family Court's award, we could not evaluate the court's exercise of discretion as to the magnitude of the fee award. Hence, we remanded the case to the Family Court for clarification. By orders dated April 16, 2025 and September 18, 2025, the Family Court clarified its earlier order.

(3) By letter dated September 24, 2025, the Court advised counsel for the parties that, in the absence of a request to file supplemental briefs confined to issues arising from the Family Court's orders on remand, the Court would consider this matter to be under submission on October 15, 2025. Neither party has filed such a request.

(4) We are satisfied that the amount of the Family Court's award of fees and costs, as clarified in the orders mentioned above, was not the product of an abuse of discretion.

NOW, THEREFORE, it appears that the Family Court's order awarding attorney fees and costs to the respondent below, appellee, should be and hereby is affirmed on the basis of and for the reasons stated in its March 11, 2024 order as clarified by its orders dated April 16, 2025 and September 18, 2025.

IT IS SO ORDERED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice